```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

            v.                                          08-CR-117A(Sr)

NORMAN S. CARAWAY,

                Defendant.
_____
```

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Norman S. Caraway ("the defendant"), is charged in a one count indictment with having failed "to register and update a registration as required by the Sex Offender Registration and Notification Act" ("SORNA") as a result of being a "person required to register" who "travelled in interstate or foreign commerce" in violation of 18 U.S.C. § 2250. (Docket #1).

The defendant has filed a motion seeking dismissal of the indictment on various grounds (Docket #14), and the government has filed its opposition in response to that motion. (Docket #s 15 and 17).

The defendant, *pro se*, sent two affidavits entitled "Affidavit of Truth" and "Affidavit of Sovereignty" and an "Administrative Process Letter" directly to the prosecutor in this case, which documents are attached to the government's responses to the defendant's motion to dismiss the indictment as exhibits. (Docket #s 15 and 17). This Court considers those submissions by the defendant, *pro se*, to be irrelevant to the issue at hand and, therefore, they will not be addressed since they have no bearing on defendant's formal motion to dismiss the indictment filed by defense counsel.

### **FACTS**[1]

On June 11, 1998, the defendant, by reason of his plea of guilty, was convicted of "sexual exploitation of a minor" in violation of Colorado law and was adjudged a sexual offender who was required under Colorado law to register as a sex offender. On March 18, 2003, the defendant signed the Colorado Department of Corrections Notice To Register as a Sex Offender Form wherein he acknowledged the requirement to register as a sex offender with the local law enforcement agency where he resides and to notify the local law enforcement agency upon a change of address as well as registering within five days of moving to a new jurisdiction.

Sometime between March 18 and April 20, 2003, the defendant moved from Colorado to Florida where he was required to register as a sex offender under

---

[1] The facts are taken from the government's response to the defendant's motion to dismiss the indictment. (Docket #15).

Florida law. On April 30, 2003, March 2, July 9, and August 19, 2004, the defendant signed the Florida Sexual Predator/Sexual Offender Registration Form wherein he acknowledged his requirement to notify the sheriff's office of his intention to leave the State of Florida and to register in any new state in which he became a resident.

On August 19, 2005, the defendant plead guilty in the State of Arizona to two counts of sexual exploitation of a minor in violation of Arizona law for which he was given a prison sentence and required to register as a sex offender.

On November 15, 2005, May 15 and July 31, 2006, the defendant signed the Arizona Department of Health Sex Offender Registration Form wherein he acknowledged that he was required to notify the sheriff's office within 72 hours of any change of residence, both in state and out of state as well as being required to register in any new state of residence.

Sometime in August 2007, the defendant relocated to Buffalo, New York, and on August 23, 2007 began working as a technician with a data systems business located in Williamsville, New York.

On August 23, 2007, a petition was filed with the Arizona Superior Court seeking revocation of defendant's probation and on September 6, 2007, a bench warrant was issued for his arrest.

On February 14, 2008, the defendant was arrested by the Amherst Police Department based on the outstanding arrest warrant issued by the Arizona Court. Upon his arrest, the defendant allegedly admitted that he had not registered as a sex offender in New York. As a result, the present indictment was returned against the defendant on April 30, 2008.

## DISCUSSION AND ANALYSIS

In his motion to dismiss the indictment, the defendant claims that the indictment is "based on the statute's [18 U.S.C. § 2250] constitutional infirmaties and on improper venue." (Docket #14, ¶ 4). More specifically, the defendant argues that SORNA "is unconstitutional" since its "registration requirements and its criminal provision violate the Commerce Clause." (Docket #14, p. 3). He further argues that the indictment herein "violates the *Ex Post Facto* Clause because the statute [18 U.S.C. § 2250] has not been implemented in New York State" and its "registration requirements impermissibly increase the penalty for [the defendant's] prior offenses by publicly branding him." (Docket #14, pp. 5-8). The defendant also claims that the statute "violates the Due Process Clause" of the United States Constitution (Docket #14, p. 9) and "violates [his] right to travel." (Docket #14, p. 10). Lastly he asserts that "venue does not lie with this Court." (Docket #14, p. 11).

All of these constitutional arguments were raised by a defendant in a similar case entitled *United States v. Van Buren, Jr.*, 2008 WL 3414012 (N.D.N.Y. 2008) and expressly addressed by the Court in rejecting them. Rather than quote at

length from that decision, this Court totally adopts the reasoning of Senior District Judge McAvoy in denying the defendant's motion to dismiss the indictment. Therefore, on the basis of the Court's analysis in *Van Buren*, it is RECOMMENDED that the defendant's motion to dismiss the indictment herein be DENIED in its entirety.

As to the defendant's claim that "venue is not proper in New York State," the Court finds that argument to be without legal merit.

The defendant is charged with having failed to register as a sex offender "in or about August 2007 in the Western District of New York " in violation of 18 U.S.C. § 2250.

The government asserts that sometime in August 2007, the defendant left the State of Arizona and traveled in interstate commerce to Buffalo, New York as evidenced by the fact that the defendant began employment on August 23, 2007 as a technician with a data systems business.

SORNA requires that:

> A sex offender shall register, and keep the registration
> current in each jurisdiction where the offender resides,
> where the offender is an employee, and where the offender
> is a student.

\* \* \*

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.

42 U.S.C. § 16913(a) and (c).

Since the defendant was an employee within the State of New York in August of 2007, he was required to register as a sex offender with the state of New York. Section 168(f)(6) of the New York Corrections Law provides:

> Any non resident worker . . . as defined in subdivisions fourteen and fifteen of section one hundred sixty-eight-a of this article shall register his or her current address and the address of his or her place of employment . . . within ten calendar days after such non resident worker . . . commences employment. . . .
>
> Section 168-K of the New York Corrections Law states:
>
> 1. A sex offender who has been convicted of an offense which requires registration under paragraph (d) of subdivision two or paragraph (b) of subdivision three of section one hundred sixty-eight-a of this article shall notify the division of the new address no later than ten calendar days after such sex offender establishes residence in this state.

The defendant traveled from Arizona to New York State in August of 2007 and allegedly failed to register as a sex offender within ten calendar days from his arrival in New York State. This failure to register took place in the Western District of New York, *i.e.,* Buffalo, New York, where he began employment. As a result of this failure, the defendant allegedly violated 18 U.S.C. § 2250 in the Western District of

New York.

Rule 18 of the Fed. R. Crim. P. expressly provides that "the government must prosecute an offense in a district where the offense was committed." Therefore, the Western District of New York is the proper venue for the charge set forth in the indictment against the defendant, and it is RECOMMENDED that defendant's motion to dismiss the indictment on this basis of improper venue be DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure**

**to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

      *S/ H. Kenneth Schroeder, Jr.*
      **H. KENNETH SCHROEDER, JR.**
      **United States Magistrate Judge**

**DATED:**    **Buffalo, New York**
             **April 3, 2009**