UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        Plaintiff,

                      v.        08-CR-117A(Sr)

NORMAN S. CARAWAY,

        Defendant.
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Norman S. Caraway ("the defendant"), is charged in a two count Superceding Indictment with having failed "to register and update a registration as required by the Sex Offender Registration and Notification Act" ("SORNA") as a result of being a "person required to register" who "traveled in interstate and foreign commerce" in violation of Title 18, United States Code, Section 2250(a) and possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). (Docket #38).

The defendant has filed a motion seeking the following categories of relief: suppression of evidence; suppression of statements; severance of Counts I and

II and dismissal of the Superceding Indictment. Dkt. #52. The government filed a consolidated response to defendant's motion to suppress and to dismiss. Dkt. #56.

## **DISCUSSION AND ANALYSIS**

Based on this Court's careful review of the papers submitted in support of defendant's motion, including an affidavit from the defendant filed on August 13, 2009 (Dkt. #58), the government's consolidated response to defendant's motion and the statements made by counsel for the parties herein during the August 13, 2009 oral argument, this Court finds the need to hold an evidentiary hearing with respect to the following four issues. First, whether the defendant's August 12, 2007 encounter with North Tonawanda Police Department Officer Josh Cress resulted in a custodial interrogation, and if so, whether the defendant was given *Miranda* warnings prior to the interrogation and whether defendant's statements given to Officer Cress were voluntary. Second, whether the statements given by defendant to Amherst Police Department Officer Scott Preston on February 14, 2008 were made during a custodial interrogation, and if so, whether the defendant was given *Miranda* warnings prior to the interrogation and whether defendant's statements given to Officer Preston were voluntary. Third, whether the interview of defendant conducted by Amherst Police Department Detectives Matthew Gould and Warren Olsen on February 14, 2008, following defendant's arrest and an inventory search of the vehicle driven by the defendant, was a custodial interrogation, and if so, whether the defendant was given *Miranda* warnings prior to the interrogation and whether defendant's statements to

Detectives Gould and Olsen were voluntary.  And fourth, whether prior to the February 25, 2008 interview of the defendant at the Erie County Holding Center by Federal Bureau of Investigation ("FBI") Special Agent Michael Shaffer and FBI Task Force Officer Joseph Ahmed, the defendant was given *Miranda* warnings and whether defendant's statements were voluntary.

During the August 13, 2009 oral argument on defendant's motion, counsel for the government stated that he intended to use the statements made by the defendant on each of the four occasions enumerated above as evidence during the trial of this matter.  In support of his motion to suppress the aforementioned statements and in support of his request for an evidentiary hearing, the defendant submitted an affidavit wherein he affirmatively states that: when the police were asking questions of him, he felt he was under arrest and not free to leave; that he was never given *Miranda* warnings and that any statements he made to the police were not voluntarily given. Dkt. #58.  Because the government's consolidated response to defendant's motion does not sufficiently address the issues raised by the defendant with respect to the four sets of statements given to the police, this Court finds that there is a need to hold an evidentiary hearing.  Accordingly, defendant's request for an evidentiary hearing

concerning the four sets of statements discussed above is GRANTED.[1]  Therefore, it is hereby,

**ORDERED** that the evidentiary hearing shall be held on October 1, 2009 at 10:00 a.m.

Therefore, it is hereby further **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure**

---

[1] This Court's Report, Recommendation and Order with respect to defendant's motion to suppress evidence and statements and motion to dismiss the Superceding Indictment will be held in abeyance pending the conclusion of the evidentiary hearing. Similarly, this Court's Decision and Order on defendant's motion to sever Counts I and II of the Superceding Indictment will also be held in abeyance pending the conclusion of the evidentiary hearing.

**to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

DATED: Buffalo, New York
September 8, 2009