**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                      v.        08-CR-117A(Sr)

**NORMAN S. CARAWAY,**

        **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #12.

The defendant, Norman S. Caraway, has been charged in a Superseding Indictment with failing to register as a sex offender and possession of child pornography. Specifically, Count 1 of the Superseding Indictment charges that the defendant, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and knowingly failed "to register and update a registration as required by the Sex Offender Registration and Notification Act" ("SORNA") in violation of Title 18, United States Code, § 2250. Dkt. #38. The defendant is charged in Count 2 of the Superseding Indictment with the knowing possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Presently pending before this Court is that portion of the defendant's omnibus motion which seeks the severance of Counts 1 and 2 of the Superseding Indictment on the grounds that the joinder of the counts unfairly prejudices the defendant. Dkt. #52. The other forms of relief sought by the defendant in his omnibus motion were addressed by this Court in its Report, Recommendation and Order filed on January 14, 2010. Dkt. #72. The government filed its response to the motion to sever and has objected to any severance asserting that the crimes charged in the Superseding Indictment are of the same or similar character and therefore, properly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. Dkt. #56. A complete recitation of the facts is set forth in this Court's Report, Recommendation and Order (Dkt. #72, pp.4-14) and those facts are hereby incorporated by reference herein.

In his severance motion, the defendant argues that the possession of child pornography charge (Count 2) which was added in the Superseding Indictment "is based on a very small number of questionable images that were found on the computer that allegedly belongs to the defendant." Dkt. #52, p.7. Moreover, the defendant claims that "[u]nlike many of child pornography cases, [sic] defense submits that this Count [Count 2] is defensible on the facts. The images are difficult to see, it is difficult to tell whether they are prepubescent people, and there are several other issues concerning this very small number of photographs." *Id*. The defendant further argues that joinder of the two counts is not proper under Rule 8(a) because such joinder is only permitted when the counts are "of the same of similar character, or are based on the same act or transaction, or are connected with, or constitute parts of a common

scheme or plan." *Id*. Even if such joinder were proper here, the defendant maintains that Rule 14 of the Federal Rules of Criminal Procedure allows the severance of counts where a defendant will suffer from the prejudicial joinder. *Id*. at p.8. In support of his motion, the defendant explains,

> As stated above, there are legitimate issues concerning Count 2, the possession charge. Common sense dictates that the jury will not give the defendant the benefit of the doubt on the possession count, Count 2, as he is entitled to under the law, if the jury first knows that the defendant is a convicted sex offender. In other words, the prejudice that comes out of the rather simple-to-prove charge in Count 1, would make the much-more-difficult to prove charge in Count 2 much easier for the government and it would do so in an unfair fashion.

*Id*.

In its response, the government maintains that the crimes charged, failure to register as a sex offender and possession of child pornography, are crimes of similar character. Specifically, the government states,

> [t]he Superseding Indictment in this case charges the defendant with failing to register as a sex offender and with possession of child pornography. Additionally, as discussed above, one of the crimes giving rise to the defendant's requirement to register was possession of child pornography in the State of Arizona. As such, the charged crimes are of a similar character. Therefore, even though distinct offenses, they are properly joined under Rule 8(a). ... Here, the evidence of the child pornography offense would be admissible as an element which the government would be required to prove under the enhanced penalty provision of Title 18, United States Code, Section 2250(c). It is the government's position that the possession of child pornography constitutes a "crime of violence" pursuant to section 2250(c). Therefore, the two counts are similar and joinder is proper.

Dkt. #56, pp.16-17. In opposition to the defendant's severance motion, the government principally relies on *United States v. Rivera*, 546 F.3d 245 (2d Cir. 2008). The defendant in *Rivera* was charged with enticement and interstate travel relating to one child (Brian), enticement of another child (Garrett), production of child pornography depicting a third child (David) and possession of child pornography. The defendant sought to sever the charges relating to Brian from the other charges, including those charges that related to Garrett and David. The District Court denied the defendant's motion to sever.

On appeal, the defendant argued that the joinder of the five charges was improper pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure, or, in the alternative, the District Court abused its discretion in declining to sever the counts pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. The Court of Appeals for the Second Circuit found that the counts were properly joined, stating that Counts one through four shared a "general likeness in terms of the conduct and events alleged: over a four-month period, Rivera targeted Brian, Garrett, David in Internet chat rooms; exchanged sexually explicit messages and photographs with them; and enticed them to meet for illicit sexual encounters. During one of those encounters, Rivera took the photographs that form the basis of count four." *Rivera*, 546 F.3d at 253-54. Finally, with respect to the possession of child pornography count, the Second Circuit stated that it agreed with the Eleventh Circuit that "child molestation and child pornography ... plainly represent acts of 'similar character' involving the extraordinary mistreatment of children." *Rivera*, 546 F.3d at 254, *citing*, *United States v. Hersh*, 297 F.3d 1233, 1242

(11th Cir. 2002). Thus, the Second Circuit Court of Appeals found that the counts against Rivera were properly joined. Unlike Rivera, the defendant here is charged with failure to register as a sex offender (as compared to the underlying convictions which require the registration, *to wit*, sexual exploitation of a minor) and possession of child pornography, two distinct charges requiring vastly different evidence to prove each crime.

> Rule 8 of the Federal Rules of Criminal Procedure provides that an indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

In addition, "[j]oinder is proper where the same evidence may be used to prove each count." *United States v. Amato,* 15 F.3d 230, 236 (2d Cir. 1994), *quoting United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991).

Rule 14 of the Federal Rules of Criminal Procedure permits the Court to order separate trials of multiple counts if it appears that a defendant is prejudiced by the joinder of offenses. A trial court's "decision whether to grant a severance is 'committed to the sound discretion of the trial court and is virtually unreviewable.'" *United States v. Zackson,* 6 F.3d 911, 922 (2d Cir. 1993), *quoting United States v. Harwood*, 998 F.2d 91, 95 (2d Cir. 1993) (internal quotation omitted). Reversal will be granted only in

cases where a trial judge "clearly abused his discretion and the defendant has suffered substantial prejudice therefrom." *Zackson*, 6 F.3d at 922 (internal quotation omitted).

"It is thus not sufficient to show a likelihood that a separate trial would . . . benefit[] the defendant." *United States v. Cervone*, 907 F.2d 332 (2d Cir. 1990), *cert. denied* 498 U.S. 1028 (1991). "Rather, there must . . . be[] prejudice so substantial as to amount to a 'miscarriage of justice.'" *Id., quoting United States v. Nersesian,* 824 F.2d 1294, 1303 (2d Cir.), *cert. denied*, 484 U.S. 957 (1987). "Such a showing is unlikely where 'proof at separate trials would largely overlap.'" *United States v. Brozyna*, 571 F.2d 742, 747 (2d Cir. 1978), *quoting United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977). In other words, "[u]nfair prejudice does not result if evidence admissible to prove each charge is also admissible to prove the other charge." *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir.), *cert. denied*, 471 U.S. 1067 (1984).

In the instant case, the charges of failure to register as a sex offender and possession of child pornography are not of the same or similar character, based on the same act or transaction, or connected with or constitute parts of a common scheme or plan. *See* Fed.R.Crim.P. 8(a). Although the requirement for the defendant to register as a sex offender stems from his prior convictions for sexual exploitation of a minor in Colorado and Arizona, those underlying convictions and the facts relating thereto are one step removed from the instant charge of failure to register and as such, cannot support a finding that the two counts in the Superseding Indictment are properly joined.

Moreover, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, this Court agrees with the defendant that were these two charges tried together before a single jury, the defendant would suffer substantial prejudice. Whether the defendant is correct that the charge of possession of child pornography is "defensible" is a matter for the jury to decide. However, this Court is of the view that if the jury learned that the defendant is a convicted sex offender in connection with the government's case-in-chief on the failure to register charge, such evidence would substantially prejudice the jury with respect to the possession of child pornography charge. Accordingly, this Court finds that the charges in the Superseding Indictment are not of the same or similar character, are not based on the same act or transaction, are not connected with or constitute parts of a common scheme or plan pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure. This Court further finds that pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, the defendant has demonstrated that he will suffer substantial prejudice if Counts 1 and 2 are not severed. Based on the foregoing findings, the defendant's motion to sever is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
               January 20, 2010

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**